J-S34034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISAIAH S. VALENTI | |
| Appellant | No. 397 MDA 2015 |

Appeal from the PCRA Order January 15, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001075-2008

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Appellant Isaiah S. Valenti appeals from the order entered in the York County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm and grant counsel's petition to withdraw.

The PCRA court set forth the relevant facts and procedural history of this appeal as follows:

> On October 17, 2008, a jury found Appellant guilty of one count of possession of cocaine with intent to distribute, one count of possession of marijuana, four counts of accident involving damage to attended vehicle/property, one count of fleeing and eluding an officer, and six counts of recklessly endangering another person. N.T. Trial, October 17, 2012, at 344-5. On December 3, 2008,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant was sentenced to 11 to 27 years of incarceration. N.T. Sentence, December 3, 2008, at 7-8.

On that same day, Appellant filed a *pro se* notice of appeal (docketed at 2168 MDA 2008), which was dismissed because Appellant was represented by counsel. A subsequent notice of appeal was filed on March 18, 2009 (docketed at 494 MDA 2009), and on May 5, 2009, [the trial court] filed [its] 1925(a) Opinion. In an Opinion filed March 30, 2010, The Pennsylvania Superior Court affirmed the judgment of sentence.…

On April 20, 2010, Appellant filed a PCRA petition, which was denied after a hearing on July 19, 2010. Appellant filed a subsequent PCRA petition, and after a hearing held on December 22, 2010, [the] decision was reserved. Appellant filed an amended petition on January 31, 2011. On November 29, 2011, Appellant's petition was granted and his appellate rights reinstated. The [c]ourt's orders of November 2[9], 2011 and October 22, 2012,[2] only reinstated Appellant's right to file an appeal from the order of July 19, 2010, denying Appellant's first PCRA petition. The Superior Court concluded in its September 23, 2013 Opinion (docketed at 1883 MDA 2012) that this [c]ourt improperly granted Appellant *nunc pro tunc* relief regarding his appeal from the denial of his first PCRA petition because Appellant had abandoned that appeal. The Superior Court affirmed the July 19, 2010 PCRA order and remanded the matter back to the PCRA court for a hearing on Appellant's unresolved claims.

A PCRA hearing addressing Appellant's two unresolved claims was held on January 9, 2015 and his petition for relief was subsequently denied. At the conclusion of the hearing, Appellant's counsel was permitted ten days to review the record and file a motion for reconsideration in regards to the statement concerning the planting of evidence. A motion for reconsideration was filed on

_____

[2] Appellant failed to file a timely appeal after the court reinstated his rights *nunc pro tunc*, so the court re-instated his right to appeal *nunc pro tunc* on October 22, 2012.

> January 16, 2015 and denied without the need for a hearing or additional testimony on January 29, 2015 since the Superior Court had previously addressed the sentencing argument in its prior opinion and there was already previous testimony on the record from Attorney Moore. The two issues addressed at the hearing concerned Paragraphs 3(d) and 3(e) of Appellant's amended PCRA petition filed on January 31, 2011.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed September 24, 2015, at 2-3.

On February 26, 2015, Appellant filed a notice of appeal.[3] On March 2, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on March 23, 2015. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on September 24, 2015.

On December 9, 2015, Appellant's counsel filed a petition to withdraw along with a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*). Counsel incorrectly advised Appellant that "should the court grant the Petition to withdraw as counsel," he had the right to proceed *pro se* or with the assistance of privately-retained counsel of his

---

[3] Appellant purported to appeal the January 29, 2015 order, which denied his petition for reconsideration. However, the appeal properly lies from the underlying order of January 15, 2015, which denied his PCRA petition. **See** Pa.R.Crim.P. 910; Pa.R.A.P. 108(a); **Commonwealth v. Moir**, 766 A.2d 1253 (Pa.Super.2000). On April 28, 2015, this Court ordered Appellant to show cause within 10 days why the appeal should not be quashed as untimely. On May 8, 2015, Appellant filed a response. On May 14, 2015, this Court discharged the show-cause order and deferred the timeliness issue to this merits panel. We address this issue **infra**.

choice. *See Turner*/*Finley* Letter at 12. On December 21, 2015, in light of counsel's incorrect advice, this Court ordered Appellant to file a response to the petition. On January 15, 2016, Appellant filed a response to counsel's petition to withdraw, in which he requested this Court strike the petition to withdraw and no-merit letter but did not raise any additional issues for our review.

Counsel identified the following issues in his *Turner*/*Finley* letter as the only issues not previously addressed by this Court:

> [W]hy did [trial counsel] not request the [c]ourt to make a ruling on his objection to the statement made by [the assistant district attorney ("ADA")?]
>
> [W]hy did [trial counsel] not raise and argue that during Appellant's sentencing the court referenced an objectionable statement made by the [ADA]?

Counsel's No Merit Letter, December 9, 2015 ("No Merit Letter") at 7 (pagination supplied by this Court).

Before we determine the merits of Appellant's claims, we must determine whether this appeal was timely filed, because the timeliness of an appeal implicates this Court's jurisdiction. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa.Super.2011). To preserve the right to appeal a final order of the PCRA court, a notice of appeal must be filed within thirty days after the date of entry of the order granting or denying relief. *See* Pa.R.Crim.P. 910; Pa.R.A.P. 903(a).

Here, the PCRA court denied Appellant's PCRA petition on January 9, 2015, and Appellant's notice of appeal, filed on February 26, 2015, is facially untimely. In his response to this Court's order to show cause why this Court should not dismiss his appeal as untimely filed, Appellant asserts that there was a breakdown in the PCRA court's process, specifically that the PCRA court advised Appellant he could file for reconsideration and request that additional testimony be taken.

At the conclusion of the hearing on January 9, 2015, the PCRA court stated:

> [F]or today's purposes, given our discussions surrounding the trial, the second PCRA petition and amendment to that PCRA petition, unless anybody else sees the necessity for testimony, I think we have enough on the record that we really don't need to have testimony in the matter. […] I believe my rulings are that the record supports dismissal of the PCRA petition…
>
> [Appellant's counsel,] you can have ten days to obviously review the record. And if you file a motion for reconsideration within the next ten days, I'll take a look at it and decide whether or not you would be entitled to a hearing on that…

N.T. January 9, 2015, at 15, 16. In an order docketed on January 15, 2015, the PCRA court recited the above passage, verbatim. Appellant filed a motion for reconsideration within the next ten days, and the PCRA court ultimately denied the motion on January 29, 2015.

Although Appellant should have filed a notice of appeal within 30 days of the January 15, 2015 order, the PCRA court advised him to file a motion

for reconsideration, thus purporting to extend its determination of Appellant's PCRA petition and consequently Appellant's appeal period.[4]  We view the PCRA court's advice to Appellant as incorrect and a breakdown of the court's operation.  **See Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa.Super.2015) ("[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court.").  **See also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super.2003) ("the trial court's misstatement of appeal period…operated as a breakdown in the court's operation").  Thus, we decline to quash this appeal as untimely.

Next, we must determine whether PCRA counsel has complied with the technical requirements of **Turner/Finley**.

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner/Finley** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no merit" letter to the trial court, or brief on

_____

[4] However, a motion for reconsideration does not toll the 30-day appeal period for a PCRA dismissal.

> "[A]lthough a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely."

**Commonwealth v. Moir**, 766 A.2d 1253.1254 (Pa.Super.2000).

> appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super.2012) (citations omitted).

Here, PCRA counsel filed a petition to withdraw along with a ***Turner/Finley*** "no merit" letter that detailed the nature and extent of counsel's review of the case, listed the issues Appellant wished to be reviewed, and explained why each issue lacked merit. ***See*** No Merit Letter at 1-7. Counsel supplied a copy of the letter to Appellant along with his petition to withdraw. Although counsel erroneously advised Appellant of his right to proceed *pro se* or with privately retained counsel *if* this Court granted his petition to withdraw, this Court remedied the error by directing Appellant to file a response to counsel's petition, and Appellant complied. This constitutes substantial compliance with the mandates of ***Turner/Finley***, and we will now address the merits of the claims raised.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is

- 7 -

supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

In both of his issues, Appellant argues that his trial counsel was ineffective. Although claims of ineffective assistance of counsel are cognizable under the PCRA, Appellant waived his issues by failing to raise them in his first PCRA petition. ***See*** 42 Pa.C.S. § 9544(b) ("an issue is waived if the petition could have raised it but failed to do so… in a prior state post[-]conviction proceeding.").

Moreover, this is Appellant's second petition filed for relief pursuant to the PCRA. A heightened standard applies to a second or subsequent PCRA petition to prevent "serial requests for post-conviction relief." ***Commonwealth v. Jette***, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition will not be entertained unless "the petitioner

makes a strong *prima facie* showing that a miscarriage of justice may have occurred." ***Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa.Super.2014) (*en banc*), *appeal granted*, 105 A.3d 658 (Pa.2014). "Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id.*** (citation omitted).

Appellant does not allege a miscarriage of justice in his second PCRA petition. Appellant's counsel reasoned in his No Merit Letter:

> At the January 9, 2015 hearing, you stated in part the following: "today I'm [here] to[,] you know what I mean, to take full responsibility for my actions like you said in the past." It is unlikely that the Superior Court will interpret these statements as establishing your innocence.

No Merit Letter at 7-8.

Counsel is correct that we do not interpret Appellant's statements as establishing his innocence, and our independent review of the record does not reveal that a miscarriage of justice occurred which no civilized society could tolerate.

Having found Appellant waived his issues and failed to allege a miscarriage of justice, and finding nothing in the record that would support a contrary result, we affirm the order of the PCRA court denying Appellant's PCRA petition and grant PCRA counsel's petition to withdraw.

Order affirmed.  Petition to Withdraw as Counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016